UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 14-20780
Hon. Matthew F. Leitman

v.

CURTIS SCOTT,

    Defendant.

_____/

## ORDER DENYING DEFENDANT CURTIS SCOTT'S MOTION FOR SEVERANCE (ECF #56)

This case arises out of an armed carjacking at Birmingham Seaholm High School. The Government alleges that Defendant Curtis Scott ("Scott") participated in the carjacking and then falsely told federal agents that he was not in possession of a cellular telephone that the agents believed was used during the carjacking.

On November 24, 2015, a grand jury returned a three-count First Superseding Indictment against Scott. (*See* ECF #45.) Count I charges Scott with carjacking in violation of 18 U.S.C. § 2119; Count II charges Scott with using a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c); and Count III charges Scott with making a false statement in violation of 18 U.S.C. § 1001. (*See id.*)

1

Scott has now filed a motion for severance under Rule 14(a) of the Federal Rules of Criminal Procedure (the "Motion for Severance")[1]. (*See* ECF # 56.) Scott asks the Court to sever his trial on Counts I (carjacking) and II (using a firearm) from the trial on Count III (making false statement). (*See id.*) Scott argues that trying all three charges together would unfairly prejudice him by allowing the introduction of evidence against him that would not be admissible if the charges were tried separately. Scott's argument, in toto, is as follows:

> Here, joinder will prejudice Mr. Scott by allowing introduction of evidence pertaining to the details of the carjacking offense that is minimally, if at all, relevant to the alleged false-statement charge. Given the government's proffer at Mr. Scott's detention hearing, newly discovered evidence puts Mr. Scott at the scene of an armed carjacking and, in fact, suggests his involvement in planning the carjacking and providing the firearm used. Although highly relevant to the carjacking and firearm charges, the details about this alleged carjacking have only minimal probative value in regard to the alleged false statement about Mr. Scott's possession of Mr. Hubbard's phone. In a trial solely on the false-statement charge, the newly revealed allegations about the details of Mr. Scott's role in carjacking would not be admissible, as the probative value of this evidence is substantially outweighed the danger that the jury will impermissibly imply Mr. Scott's commission of the false-statement offense because of his other alleged crimes. Fed. R. Evid. 403. The jury should not hear such evidence in the course of determining Mr. Scott's guilt or innocence on the false-statement charge.

---

[1] Scott has not argued that the charges against him were improperly joined in violation of Rule 8 of the Federal Criminal Rules of Criminal Procedure.

> Additionally, evidence of the false-statement charge would be unfairly prejudicial if admitted in a trial for the carjacking and firearm offenses. The same jury that hears evidence casting Mr. Scott as a liar should not be expected to fairly assess his guilt or innocence of the other offenses. Thus, severance is appropriate in this case to ensure Mr. Scott receives a fair adjudication of the charges against him.

(*Id.* at 3-4, Pg. ID 538-539.[2])

The Court disagrees with the premise of Scott's argument – namely that a jury in a single trial of all of the charges against Scott would hear evidence that would be excluded under Federal Rule of Evidence 403 ("FRE 403") if the charges were tried separately. First, if Scott stood trial on the false-statement charge alone, FRE 403 would not bar admission of evidence concerning the carjacking as Scott claims. That evidence would be relevant to prove, among other things, Scott's motive for making the false statement – to cover up his alleged connection to the carjacking. Evidence concerning the carjacking would likewise be probative of the materiality of Scott's allegedly false statement – to show why the statement mattered to the investigating agents and how it could have influenced their decisions. While admission of the carjacking evidence would undoubtedly prejudice Scott, the Court does not believe that the prejudice would be unfair under

---

[2] Scott has not identified any rule other than Federal Rule of Evidence 403 as the sole rule that would purportedly require exclusion of the evidence identified above if the false statement charge was tried separately from the carjacking and firearms charge.

3

the circumstances. And the Court is quite certain that in a trial on the false-statement charge alone, the probative value of the carjacking evidence would not be substantially outweighed any unfair prejudice. Thus, even if Scott was tried on the false-statement charge alone, evidence concerning the carjacking would not be excluded under FRE 403.

Second, if Scott stood trial on the carjacking and firearms charges alone, evidence of his alleged false statements would not be excluded by FRE 403. The evidence that Scott allegedly attempted to conceal the location of the cellular phone by lying about its location is relevant to show Scott's consciousness of guilt. *See* Sixth Circuit Pattern Jury Instruction 7.14 and authorities cited in commentary to the instruction. And while the evidence of the allegedly-false statements by Scott would admittedly prejudice him, that prejudice is not unfair under the circumstances. And in a trial on the carjacking and firearms charges, the probative value of the evidence that Scott made false statements would not be substantially outweighed by any unfair prejudice. Accordingly, FRE 403 would not require the exclusion of evidence concerning the allegedly-false statements in a trial on the carjacking and firearms charges alone.

A criminal defendant is entitled to severance under Federal Rule of Criminal Procedure 14 "only if there is a serious risk that a joint trial would compromise a specific trial right of [the defendant], or prevent the jury from making a reliable

4

judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 39 (1993). For all of the reasons explained above, Scott has failed to show that either of these serious risks exists in a single trial on all three charges in the First Superseding Indictment.

Accordingly, **IT IS HEREBY ORDERED** that the Motion for Severance (ECF #56) is **DENIED**.

                                                        s/Matthew F. Leitman  
                                                        MATTHEW F. LEITMAN  
Dated: January 12, 2016            UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 12, 2016, by electronic means and/or ordinary mail.

                                                        s/Holly A. Monda  
                                                        Case Manager  
                                                        (313) 234-5113