UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 14-20780
Hon. Matthew F. Leitman

v.

CURTIS SCOTT,

    Defendant.

_____/

**ORDER (1) GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANT CURTIS SCOTT'S PRO SE MOTIONS (ECF #107) and (2) STRIKING WITHOUT PREJUDICE DEFENDANT'S PRO SE MOTIONS (ECF ## 101, 105)**

On April 19, 2016, the Court held an on-the-record status conference in this action. During that conference, Defendant Curtis Scott ("Scott") and his then-appointed counsel jointly informed the Court that there had been a breakdown in the attorney-client relationship. The Court then decided to appoint new counsel to represent Scott during all post-trial proceedings in this Court, including sentencing. On April 21, 2016, the Court entered an Order formally appointing Patricia A. Maceroni as Scott's new counsel. (*See* ECF #106.)

The same day the Court appointed Ms. Maceroni as Scott's new counsel, the Clerk of the Court received a *pro se* motion from Scott challenging his conviction

1

(the "Post-Trial Motion"). (*See* ECF #105.)[1]  It appears that Scott drafted the Post-Trial Motion before the April 19, 2016, status conference, and the motion makes no reference to the Court granting Scott's request to be appointed new counsel.

The Government has now moved to strike Scott's *pro se* motions (the "Motion to Strike"). (*See* ECF #107.)  Because Scott is represented by counsel, any motions on his behalf should be filed by counsel, not by Scott personally. Accordingly, the Court **GRANTS** the Motion to Strike and **STRIKES** Scott's *pro se* filings (ECF ## 101, 105) from the record **WITHOUT PREJUDICE**.  The Court further directs Scott and his newly-appointed counsel to discuss whether the filing of any post-trial motions would be appropriate in this action.[2]

**IT IS SO ORDERED**.

Dated: May 3, 2016

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

---

[1] Scott had previously filed a *pro se* motion asking the Court for an extension of time to file the Post-Trial Motion. (*See* ECF #101.)

[2] The Court does not mean to suggest that the filing of any post-trial motion would be appropriate or that any such motion is available to Scott.  This Order shall not be read as permission to file any motion which is otherwise barred by the Federal Rules of Criminal Procedure or this Court's Local Rules.  If there is a question as to whether certain relief is available to Scott, Scott's counsel may file a motion to leave, and the Court will make a ruling at that time.

2

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 3, 2016, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113
