UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 14-20780
Hon. Matthew F. Leitman

v.

CURTIS SCOTT,

    Defendant.

_____/

## ORDER SETTING EVIDENTIARY HEARING AND APPOINTING STAND-BY COUNSEL TO ASSIST AT HEARING

On March 9, 2016, a jury found Defendant Curtis Scott guilty of aiding and abetting a carjacking, aiding and abetting the use and/or carrying of a firearm during a crime of violence, and making a false statement to a federal agent. Scott has now filed a motion for new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure. (*See* ECF ## 144 and 162.) In the motion, Scott argues, among other things, that he is entitled to a new trial because his defense attorney, Leroy Soles, failed to provide effective assistance of counsel.

The Court has reviewed Scott's motion and has decided to hold an evidentiary hearing with respect to the following issues:

1.    The assertions in the affidavits of Monico Hayes and Paijah McClould (ECF ## 144-1 and 144-2) that Hayes and McCloud informed Soles that they could present certain exculpatory testimony and that Soles

1

unreasonably failed to elicit that testimony from them during their direct examination. The hearing will address whether Hayes and McCloud so informed Soles and, if they did so inform Soles, why Soles chose not to elicit the testimony.

2. The assertion in Scott's affidavit (ECF #144-3) that Soles failed to investigate and present evidence that Tynisha Jones had damaged a 2005 Grand Marquis leased by her mother. The hearing will address whether Soles was told about this alleged evidence and, if he was, whether Soles investigated it and why he chose not to present it at trial.

3. The assertion in Scott's affidavit (ECF #144-3) that Soles failed to investigate and present evidence that Dexavior Evans had threatened Scott in phone calls that Evans made to Scott. The hearing will address whether Soles was told about this alleged evidence and, if he was, whether Soles investigated it and why he chose not to present it at trial.

4. Scott's assertion that Soles promised Scott that Soles would not impugn McCloud's credibility or attack McCloud if Scott permitted Soles to remain as counsel. (*See* ECF #162 at Pg. ID 2753.) The hearing will address whether Soles made this alleged promise and, if he did, why he chose to suggest in his closing argument that McCloud may have been present at the time of the carjacking.

Scott has insisted that he wishes to represent himself in connection with his pending motion, and the Court has honored that request. Nonetheless, the Court directs that stand-by counsel be appointed for the limited purpose of advising Scott

concerning the procedures followed at, and rules applied during, the evidentiary hearing. Counsel shall be present during the hearing to advise Scott on these matters. In addition, counsel shall assist Scott in serving subpoenas upon witnesses.

At the hearing, the Government may present evidence addressing the issues identified above. The Government's evidence may include, if the Government wishes, testimony from Mr. Soles concerning the issues listed above and any strategic considerations that he made in connection with those issues. Mr. Scott is, of course, also free to call Mr. Soles as a witness.

The Court will set the date for the hearing once stand-by counsel has been appointed. At that point, the Court will consult with all counsel to find a convenient date and time for the hearing.

**IT IS SO ORDERED.**

                                                s/Matthew F. Leitman
                                                MATTHEW F. LEITMAN
Dated: June 16, 2017             UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 16, 2017, by electronic means and/or ordinary mail.

                                                s/Holly A. Monda
                                              Case Manager
                                              (313) 234-5113