UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CURTIS SCOTT,

    Defendant.

Case No. 14-20780
Hon. Matthew F. Leitman

_____/

**ORDER (1) GRANTING IN PART AND DENYING IN PART GOVERNMENT'S MOTION REQUESTING ORAL HEARING, AND, IN THE ALTERNATIVE FOR AN ORDER FINDING WAIVER OF ATTORNEY-CLIENT PRIVILEGE (ECF #186) AND (2) SETTING PROCEDURE FOR EVIDENTIARY HEARING**

On March 9, 2016, a jury found Defendant Curtis Scott guilty of aiding and abetting a carjacking, aiding and abetting the use and/or carrying of a firearm during a crime of violence, and making a false statement to a federal agent. Scott has now filed a motion for new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure. (*See* ECF ## 144 and 162.) On June 16, 2017, the Court ordered an evidentiary hearing on four issues Scott raised in his motion for a new trial. (*See* ECF #180.) All of the issues that are the subject of the evidentiary hearing relate to the alleged ineffective assistance of Scott's trial counsel, Mr. Leroy Soles.

On June 30, 2017, the Government filed a motion in which it asked the Court to hold "an oral hearing prior to the scheduling of an evidentiary hearing on the issue of prejudice." (ECF #186 at Pg. ID 3047.) In the alternative, the Government requested "that

1

the Court enter an order finding that Scott has waived the [attorney-client] privilege" with respect to the subjects underlying his ineffective assistance of counsel claim. (*Id.*)

To the extent the Government's motion requests an oral hearing on the issue of prejudice prior to the scheduling of an evidentiary hearing, the motion is **DENIED** for the reasons stated on the record at the August 8, 2017, status conference. The Court will proceed with the evidentiary hearing as scheduled. However, the Court will allow the Government to raise its lack-of-prejudice argument after the Court holds the evidentiary hearing.

To the extent the Government's motion requests that the Court enter an order finding that Scott has waived the attorney-client privilege with respect to the subjects underlying his ineffective assistance of counsel claim, the motion is **GRANTED** as set forth below.

At the August 8 conference, Scott waived the attorney-client privilege with respect to subjects underlying his ineffective assistance claim. Based on Scott's oral waiver and the applicable caselaw (cited in the Government's motion), the Court **ORDERS** that the attorney-client privilege is waived with respect to the subjects underlying Scott's ineffective assistance of counsel claim.

In particular, the attorney-client privilege is waived with respect to, among other things, the four items specifically identified in the Court's June 16, 2017, written Order. (*See* ECF #180.) These items are:

1. The assertions in the affidavits of Monico Hayes and Paijah McClould (ECF ## 144-1 and 144-2) that Hayes and McCloud informed Soles that they could present certain exculpatory testimony and that Soles unreasonably failed to

elicit that testimony from them during their direct examination. The hearing will address whether Hayes and McCloud so informed Soles and, if they did so inform Soles, why Soles chose not to elicit the testimony.

2. The assertion in Scott's affidavit (ECF #144-3) that Soles failed to investigate and present evidence that Tynisha Jones had damaged a 2005 Grand Marquis leased by her mother. The hearing will address whether Soles was told about this alleged evidence and, if he was, whether Soles investigated it and why he chose not to present it at trial.

3. The assertion in Scott's affidavit (ECF #144-3) that Soles failed to investigate and present evidence that Dexavior Evans had threatened Scott in phone calls that Evans made to Scott. The hearing will address whether Soles was told about this alleged evidence and, if he was, whether Soles investigated it and why he chose not to present it at trial.

4. Scott's assertion that Soles promised Scott that Soles would not impugn McCloud's credibility or attack McCloud if Scott permitted Soles to remain as counsel. (*See* ECF #162 at Pg. ID 2753.) The hearing will address whether Soles made this alleged promise and, if he did, why he chose to suggest in his closing argument that McCloud may have been present at the time of the carjacking.

In addition, the attorney-client privilege is waived with respect to the following issues as specifically identified by Scott at the August 8 status conference:

1. Attorney Soles' failure to obtain tape recordings of a 911 call allegedly placed by Scott's cellular telephone;

2. Soles' failure to call Demetrius McCloud as an alibi witness at Scott's trial;

3

3. Soles' failure to investigate whether Tynisha Jones' brother's "baby mama" possessed a Ford Expedition that could have been driven by Dexavier Evans during the carjacking; and

4. Soles' failure to investigate allegedly threatening behavior by Tynisha Jones against Scott at the "Scotch" party store/market.

Absent further order of the Court, the only witnesses who may testify at the evidentiary hearing are (1) Scott, (2) Soles, (3) Monico Hayes, and (4) Paijah McCloud. In addition, absent further order of the Court, the only subjects on which the Court will allow these four witnesses to testify are the eight subjects specifically-identified above.

The parties shall exchange proposed exhibits by not later than 1 week before the scheduled evidentiary hearing.

**IT IS SO ORDERED**.

Dated: August 9, 2017

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 9, 2017, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764