UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATE OF AMERICA,

       Plaintiff,                              Case No. 14-cr-20780
                                                    Hon. Matthew F. Leitman

v.

CURTIS SCOTT,

       Defendant.

_____/

**ORDER DENYING MOTION (ECF # 209) FOR ORDER REQUIRING LEROY SOLES TO MEET WITH GOVERNMENT COUNSEL AND CONFIRMING THAT, SUBJECT TO THE COURT'S PRIOR ORDER (ECF #196), HE MAY DO SO VOLUNTARILY**

       In an order dated August 9, 2017, the Court ruled that Defendant Curtis Scott has waived his attorney-client privilege with respect to a number of specifically-identified issues (the "Identified Issues"). (See ECF #916.) The waiver resulted from Scott's desire to pursue a claim that his former attorney, Leroy Soles, provided ineffective assistance of counsel in connection with the Identified Issues. In light of the Court's order, the attorney-client privilege that once existed between Scott and Soles poses no bar to Soles voluntarily meeting with the Government and (1) discussing with the Government matters (including, but not limited to attorney-client communications) reasonably related to the Identified Issues and (2) sharing with the

Government documents (including but not limited to written attorney-client communications) reasonably related to the Identified Issues.

The Government has now filed a motion for entry of an order compelling Soles to meet with the Government to discuss matters related to the Identified Issues and to produce documents related to the Identified Issues. That motion is **DENIED**. The Court is not persuaded that it has the authority to *compel* Soles to meet and produce documents *in advance of* the scheduled evidentiary hearing. While the Court has the authority to compel Soles' attendance at the hearing, to require him to answer appropriate questions at the hearing (including questions concerning the Identified Issues), and to produce documents at the hearing (including documents related to the Identified Issues), the Court does not believe that it has the authority to require Soles to do so *in advance of the hearing*. The Court stands ready to enforce any appropriate subpoena the Government may issue to Soles to compel his attendance and his production of documents *at the hearing*.

**IT IS SO ORDERED.**

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: October 3, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 3, 2017, by electronic means and/or ordinary mail.

                                           s/Holly A. Monda
                                           Case Manager
                                           (810) 341-9764