UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                          Case No. 14-cr-20780
                                          Hon. Matthew F. Leitman

v.

CURTIS SCOTT,

       Defendant.

_____/

## ORDER (1) EXTENDING BRIEFING DEADLINE DATES AND (2) DENYING DEFENDANT'S MOTION TO READDRESS (ECF #345) AND REQUESTS TO READDRESS (ECF ## 341, 342, 343, 346)

The Court held a continued evidentiary hearing on Defendant Curtis Scott's motion for a new trial on March 12, 2018. At the end of the hearing, the Court asked Scott's standby counsel to order the transcript of that hearing, mail it to Scott, and file a certificate of service with the Court. (*See* 3/12/2018 Tr. at 158:4-158:12, ECF #344 at Pg. ID 4166.) The Court then directed Scott to file his post-hearing brief in support of his motion for a new trial within 21 days after the transcript was mailed; the Court directed the Government to file a response within 21 days after Scott filed his response. (*See id.* at 158:13-158:15, 160:24-161:3, Pg. ID 4166, 4168-69.)

Scott's standby counsel has filed a certificate of service in which he certifies that he served a copy of the March 12, 2018 evidentiary hearing transcript by mail on Scott on March 28, 2018. (*See* ECF #347.) Scott's standby counsel has also sent

an email to the Court passing along a request by Scott for two additional weeks to prepare and file his brief. Standby counsel reports that the Government does not oppose the requested extension.

Scott's request for an extension is **GRANTED**. Scott shall file his post-hearing brief in support of his motion for a new trial **by not later than May 2, 2018**. The Government shall file any response **by not later than June 6, 2018**.

Scott has also filed a motion and various letters requesting that the Court reconvene the evidentiary hearing so that he may readdress the Court. (*See* Mot. to Address, ECF #345; Letters, ECF ## 341, 342, 343, 346.) Scott argues that the Court should resume the hearing because he did not have his prescribed medication on the day of the hearing, and the lack of medication interfered with his mental ability to think clearly at the hearing.

The Court **DENIES** Scott's motion and requests to reconvene the evidentiary hearing. During the hearing, the Court specifically confirmed with Scott that he *was* able to proceed despite the absence of his medication:

> THE COURT: Mr. Scott, I understand that the last time we were scheduled to be here, you had a health concern. Are you feeling better?
>
> THE DEFENDANT: Yeah, a little bit.
>
> THE COURT: Were you able -- are you able to proceed this morning?

THE DEFENDANT: Yes. I just need my medication.

THE COURT: What medication?

THE DEFENDANT: The lisinopril and keflex.

THE COURT: Are you able to proceed -- I don't have medication with me right now. *Are you able to proceed without that medication?*

THE DEFENDANT: *Yeah*.

THE COURT: *Yes?*

THE DEFENDANT: **Yes.**

THE COURT: Okay. Thank you. Okay. Please be seated.

*\*\*\**

MS. BROWN: Your Honor?

THE COURT: Yes.

MS. BROWN: May I ask, I wonder if it's prudent to find out what type of medication it is that Mr. Scott does not have. I don't -- I'm not familiar with medication he listed, but I think the type of medication that he's proceeding without might be relevant.

> THE COURT: Good question. I think one of them is a blood pressure medication because I think somebody in my family is on it, but Mr. Scott, can you clarify for us: Is Lisinopril a blood pressure medication?
>
> THE DEFENDANT: Yes, it's a -- I think it's a generic version. Yeah, it's blood pressure medication.
>
> THE COURT: And what was the other medication you mentioned?
>
> THE DEFENDANT: The other one is an anti seizure medication.
>
> THE COURT: ***All right. Now, the point that I think Ms. Brown was driving at, and it's a fair one, is we don't want to proceed this morning and then have you later suggest that because you didn't have your medication, you weren't able to function as your attorney or concentrate or proceed. All of us want to move forward with this hearing, including you, but I only want to do so if you are physically and mentally able to proceed this morning. Are you?***
>
> THE DEFENDANT: *Yes*.

(3/12/2018 Tr. at 3:17-4:8, 5:5-6:6, ECF #344 at Pg. ID 4011-14; emphasis added.)

As shown above, the Court went to great lengths to ensure that Scott was capable of going forward with the continued evidentiary hearing. In fact, the Court sought to avoid and prevent the very situation now presented by Scott's motion and requests – i.e., a post-hoc claim of incapacity by Scott. The Court will not grant

Scott a "do-over" based upon his after-the-fact assessment that the hearing did not go as well as he had hoped it would. Accordingly, Scott's motion to readdress (ECF #345) is **DENIED**. Furthermore, to the extent Scott requests a continued evidentiary hearing in his various letters (ECF ## 341, 342, 343, 346), those requests are also **DENIED**.

**IT IS SO ORDERED.**

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: April 2, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 2, 2018, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764