UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                      Case No. 14-cr-20780
                                              Hon. Matthew F. Leitman
v.

CURTIS SCOTT,

      Defendant.

_____/

**ORDER DENYING DEFENDANT'S (1) MOTION FOR RECONSIDERATION (ECF #387), (2) MOTION FOR NEW TRIAL (ECF #384), (3) MOTION TO SEE (ECF #383), AND (4) MOTION FOR ORAL ARGUMENT (ECF #385)**

On March 9, 2016, a jury convicted Defendant Curtis Scott of aiding and abetting a carjacking, aiding and abetting the use and/or carrying of a firearm during a crime of violence, and making a false statement to a federal agent. Following his conviction, Scott moved for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure. (*See* ECF ## 144, 162). The Court held an evidentiary hearing in connection with the motion and denied the motion in a written Order dated May 10, 2018. (*See* ECF #380.)

Scott has now filed four new motions with the Court: a motion for reconsideration of the Court's May 10, 2018, order denying his motion for a new trial (ECF #387), another motion for a new trial (ECF #384), a motion "to see" (ECF

1

#383), and a motion for oral argument (ECF #385). For the reasons that follow, the Court **DENIES** all of Scott's currently-pending motions.

# I

The Court first turns to Scott's motion for reconsideration of its May 10, 2018, order denying his motion for a new trial. (*See* ECF #387.) Motions for reconsideration are governed by Local Rule 7.1(h). That rule provides:

> Generally, and without restricting the Court's discretion, the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. Local Rule 7.1(h)(3).

The Court has reviewed Scott's motion for reconsideration and concludes that he is not entitled to relief. None of the arguments that Scott has raised persuade the Court that it palpably erred when it denied his motion for a new trial. Nor has Scott shown that the correction of any alleged error by the Court would result in a different disposition of his motion. Accordingly, Scott's motion for reconsideration is **DENIED**.

## II

The Court next turns to Scott's motion for a new trial. (*See* ECF #384.) In this motion, Scott argues that he is entitled to a new trial based on newly discovered evidence. Specifically, Scott says that he has uncovered new evidence that one of the government's key witnesses at trial, Dexavior Evans, lied during his testimony about Scott's involvement in the carjacking. Scott's new evidence is a sworn declaration from a witness, Michael Browder, in which Browder says that Evans "confided in [Browder] and told [Browder] that [Evans] got a time-cut because he lied and told the court that his uncle [Scott] was involved in the carjacking" even though Scott "was not there." (*Id.* at Pg. ID 4602.) Scott contends that Browder's declaration entitles him to a new trial.

This argument is nearly identical to one Scott made in his initial motion for a new trial. In that motion, Scott argued that he was entitled to a new trial based on the declarations of two inmates who said that Evans told them that he had lied during his testimony about Scott's involvement in the carjacking. The Court reviewed and rejected that argument in its May 10, 2018, order denying Scott's motion for a new trial. (*See* ECF #380 at Pg. ID 4581-85.) For all of the same reasons that the Court declined to grant a new trial based upon the declarations of the other new witnesses, the Court declines to grant a new trial based upon Browder's declaration. Accordingly, Scott's currently-pending motion for a new trial is **DENIED**.

**III**

Next, Scott has filed what he calls a "Motion to See." (*See* ECF #383.) In this motion, Scott details numerous health problems from which he claims to be suffering. It is unclear to the Court what relief, if any, the motion "to see" seeks. To the extent that the Court can discern any request for relief in this motion, it appears that Scott is asking the Court to re-open the evidentiary hearing on his motion for a new trial based on his medical condition. As the Court has previously explained, the Court does not believe that such relief is warranted. (*See* April 2, 2018, Order, ECF #348.) Nor, for the reasons stated above, has Scott shown that the Court should reconsider its decision to deny his motion for a new trial. Accordingly, Scott's motion "to see" is **DENIED**.

**IV**

Finally, the Court addresses Scott's motion for oral argument. (*See* ECF #385.) As in Scott's motion "to see," Scott explains in his motion for oral argument that he is suffering from multiple health conditions, and he appears to ask the Court to re-open the evidentiary hearing and/or hold a new hearing on his motion for a new trial. Scott has not persuaded the Court that that relief is warranted. Accordingly, Scott's motion for oral argument is **DENIED**.

## V

For the reasons stated above, **IT IS HEREBY ORDERED** that Scott's currently-pending motions (ECF ## 383, 384, 385, and 387) are **DENIED**.

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: May 29, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 29, 2018, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764
