UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                                 Case No. 14-cr-20780
                                                  Hon. Matthew F. Leitman

v.

CURTIS SCOTT,

      Defendant.

_____/

**ORDER DENYING DEFENDANT'S**
**MOTION FOR RECONSIDERATION (ECF ## 406, 407)**

On March 9, 2016, a jury convicted Defendant Curtis Scott of aiding and abetting a carjacking, aiding and abetting the use and/or carrying of a firearm during a crime of violence, and making a false statement to a federal agent. Following his conviction, Scott moved for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure. (*See* ECF ## 144, 162). In that motion, Scott argued, among other things, that his trial counsel was ineffective for failing to move to suppress certain historical cell-phone records. Scott said that his attorney should have sought suppression of the records on the ground that they were obtained through an order issued under the Stored Communication Act, 18 U.S.C. § 2703(d), rather than through a search warrant.

By written order dated May 10, 2018, the Court denied Scott's motion for new trial (the "May 18 Order"). (*See* ECF #380.) As relevant here, the Court concluded that Scott could not show prejudice from his attorney's failure to seek suppression of the records on the ground that they were obtained in violation of the Fourth Amendment. The Court

1

explained that under the Sixth Circuit's recent published decision in *United States v. Pembrook*, 876 F.3d 812, 822-24 (6th. Cir. 2017), even if the records had been obtained in violation of the Fourth Amendment, suppression of the records would not have been an appropriate remedy. Stated another way, the records would not have been subject to suppression even if Scott's trial counsel had persuaded the Court that they were obtained in violation of the Fourth Amendment.

Scott has now filed a motion for reconsideration of the May 18 Order. (*See* ECF ## 406, 407.) Scott argues that based on the Supreme Court's recent decision in *Carpenter v. United States*, --- S.Ct. ---, 2018 WL 3073916 (S.Ct. June 22, 2018), the Court should reconsider the portion of the May 18 Order described above. The Court **DENIES** the motion.

Motions for reconsideration are governed by Local Rule 7.1(h). That rule provides:

> Generally, and without restricting the Court's discretion, the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. Local Rule 7.1(h)(3).

The Supreme Court's decision in *Carpenter* does not undermine the Court's ruling in any way. In *Carpenter*, the Supreme Court held that the government must obtain a warrant in order to obtain certain historical cell-phone records. Carpenter says *nothing* about the basis on which the Court ruled against Scott – namely, that even if the records

were obtained in violation of the Fourth Amendment, suppression was not the appropriate remedy. Indeed, *Carpenter* does not speak to the issue of remedy at all. Thus, *Carpenter* is not inconsistent with the Court's ruling that Scott cannot show prejudice because, under *Pembrook*, the records would not have been subject to suppression even if they had been obtained in violation of the Fourth Amendment.

For these reasons, Scott has failed to persuade the Court that the May 18 Order contains palpable defects, and Scott has not shown that correction of any of the alleged defects would result in a different disposition of his motion for a new trial. Accordingly, Scott's motion for reconsideration (ECF ## 406, 407) is **DENIED**.

**IT IS SO ORDERED.**

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: July 9, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 9, 2018, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764

3