UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                            Case No. 14-cr-20780
                                                     Hon. Matthew F. Leitman

v.

CURTIS SCOTT,

      Defendant.
_____/

## ORDER ON STATUS CONFERENCE

On May 10, 2019, the Court held an on-the-record in-person status conference to discuss several pending motions in this action. (*See* Notice, ECF #520.) For the reasons stated on the record at the status conference, and for the additional reasons stated below, **IT IS HEREBY ORDERED** as follows:

- Scott's motions for recusal of the Court (*see* ECF ## 514, 516, 522, and 527) are **DENIED** for the reasons stated on the record.

- Scott's motions to terminate the appearance of his current counsel Kimberly Stout (*see* ECF ## 470, 495, 506, 507, 527, and 532) are **GRANTED** for the reasons stated on the record. As further explained on the record, the appearance of attorney Kimberly Stout on Scott's behalf is **TERMINATED** except as set forth below. Ms. Stout's sole function going forward in this matter is to perform the ministerial tasks identified

on the record during the May 10, 2019, status conference. Moreover, Ms. Stout is not required to file a notice of appeal on behalf of Scott. The Court further finds that Scott was fully competent to make the decision to waive his right to counsel and that his decision to waive counsel was knowingly and voluntarily made. While Scott has raised questions about his mental health in previous filings with the Court, the Court is fully satisfied, based on (1) its review of the Federal Bureau of Prisons' mental health report that the Court discussed on the record at the April 1, 2019, status conference and (2) its personal evaluation of Scott's ability to follow and participate in the proceedings on the record during the May 10, 2019, status conference, that Scott is competent to proceed and to waive his right to counsel.

- Scott's motions for psychiatric examinations (*see* ECF ## 450, 457, and 495) are **DENIED** for the reasons stated on the record, including Scott's expressed desire to advance to sentencing without any further proceedings or evaluations between now and sentencing. Moreover, Scott's requests for examinations were based, in part, on his desire to be transferred to the Wayne County Jail for an evaluation by a particular mental health professional. As explained on the record, the Court declines to transfer Scott to any non-federal facility for evaluation. In addition, and in any

event, Ms. Stout explained on the record that she contacted the Wayne County Jail in an attempt to find the mental health professional that Scott requested, and Stout was unable to confirm that that professional worked at the jail.

- Scott's motions to disregard and not participate in the mental health evaluations set up by Ms. Stout (*see* ECF ## 462 and 474) are **GRANTED** for the reasons stated on the record. As Scott stated on the record, he does not want to participate in any proceedings or evaluations between now and sentencing. Scott also stated that he does not want to take advantage of the mental health evaluation set up by Ms. Stout, and paid for by the Court, to be performed by Atara Abramsky, Ph.D. The Court will not compel Scott to participate in that evaluation.

- Scott's motions to be transferred to the Wayne County Jail for medical reasons (*see* ECF ## 480, 490, 495, 506, and 526) are **DENIED** for the reasons stated on the record and for the additional reason that the Court is persuaded that the personnel at the Federal Bureau of Prisons can provide appropriate treatment for Scott.

- Scott's motion for an expert witness (*see* ECF #464) is **DENIED** based upon his statement at the status conference that he does not want to

participate in any proceedings or take any additional actions between now and sentencing.

- Scott's motions for docket sheets (*see* ECF ## 423, 426, 427, and 451) are **DENIED AS MOOT** because the Court provided Scott with copies of the relevant docket sheets at the May 10, 2019, hearing.

- Scott's motions for certain court transcripts (*see* ECF ## 427, 441, and 525) are **DENIED** because he can obtain those transcripts from his prior counsel. The Court has previously paid for the preparation of these transcripts and provided them to Scott's prior counsel. Scott should direct his requests for those transcripts to his former counsel. The Court will not incur the additional expense to have the transcripts produced and sent to Scott a second time. Moreover, Scott has not shown that he now needs the transcripts to prepare for sentencing.

- Scott's motion for reconsideration (*see* ECF #469) is **DENIED** because Scott has failed to satisfy Local Rule 7.1(h). More specifically, Scott has failed to "demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled" and failed to "show that correcting the defect will result in a different disposition of the case." E.D. Mich. Local Rule 7.1(h)(3).

- Scott's motion for an investigator (*see* ECF #413) is **DENIED** based upon his statement at the status conference that he does not want to participate in any proceedings or take any additional actions between now and sentencing. Moreover, Scott has not persuaded the Court that an investigator is necessary prior to sentencing.

**IT IS SO ORDERED.**

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated: May 16, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 16, 2019, by electronic means and/or ordinary mail.

s/Holly A. Monda  
Case Manager  
(810) 341-9764