UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                                  Case No. 14-cr-20780
                                                        Hon. Matthew F. Leitman

v.

CURTIS SCOTT,

       Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR
INVESTIGATOR/PSYCHIATRIST (ECF # 547) AND
MOTION TO GET COURT ORDER FOR PSYCHIATRIC EXAM AND
FOR INVESTIGATOR (ECF #549)**

Defendant Curtis Scott, now proceeding *pro se* after the Court allowed him to terminate the services of four attorneys that it had previously appointed to represent him, has filed two motions in which he asks the Court to arrange for a mental health expert to evaluate him in connection with his upcoming sentencing. (*See* Motions, ECF ## 547, 549.) Scott also seeks the appointment of an investigator. (*See* Mot., ECF #549.) For the reasons that follow, both motions are **DENIED**.

In the motions, Scott creates the impression that the Court has denied him the opportunity to obtain a mental health evaluation. That is false.

The Court has twice arranged for mental health experts to evaluate Scott in connection with sentencing, and Scott has twice declined to take advantage of these

1

evaluations. First, Scott's prior counsel moved for a psychiatric examination to be used in connection with (among other things) sentencing (*see* Mot., ECF #457), and the Court granted the motion and directed Bureau of Prison's mental health professionals to evaluate Scott, as his counsel had requested. (*See* Order, ECF #463.) However, Scott refused to cooperate with the Bureau of Prison's mental health professionals, and they were unable to complete a comprehensive assessment that Scott could have used at sentencing. Second, Scott's prior counsel filed a motion for a psychological evaluation by Atara Abramsky, Ph.D., a forensic psychologist (*see* Mot., ECF # 489) and the Court granted that motion and agreed to pay for Dr. Abramsky to evaluate Scott. (*See* Order, ECF #496.) At a status conference before the Court on May 10, 2019, Scott told the Court that he did not wish to have Dr. Abramsky perform any evaluation on him. Even though Scott has declined to proceed with Dr. Abramsky, the Court will still have to pay her for the background preparation work that she completed before Scott discharged her.[1]

Given that the Court has twice arranged for mental health professionals to evaluate Scott in connection with sentencing, that expenses have been incurred in connection with the Court's two efforts to have Scott evaluated, and that Scott has twice declined to participate and/or cooperate in those evaluations, the Court

---

[1] Scott's prior counsel explained on the record at the May 10, 2019, status conference that Dr. Abramsky had completed some work after her appointment was approved by the Court.

declines to appoint yet another mental health professional to evaluate Scott. Scott's motions seeking such an appointment are **DENIED**.

The Court also **DENIES** Scott's request for the appointment of an investigator. At the status conference on May 10, 2019, the Court offered Scott the opportunity to identify anything else that he needed to do or to have access to in order to fully present his case at sentencing, and Scott replied that he just wanted to get the case "over with" and did not need or want anything else. The Court then made it "crystal clear" (the precise words used by the Court on the record) that the only things that would happen between the conference and the sentencing were steps taken by the government, and Scott *agreed* with that path forward. The Court set that path – after confirming Scott's agreement – because the sentencing in this case has been delayed far too long. Because Scott confirmed on the record that he did not wish to take any further steps before sentencing, because Scott has not identified any specific steps to be taken by his proposed investigator, and because the time has come for sentencing, the Court will not appoint an investigator for Scott at this very late date.

**IT IS SO ORDERED.**

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: May 28, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 28, 2019, by electronic means and/or ordinary mail.

                                                  s/Holly A. Monda
                                                  Case Manager
                                                  (810) 341-9764