UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 14-cr-20780
Hon. Matthew F. Leitman

v.

CURTIS SCOTT,

    Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER AND TO GRANT A COMPASSIONATE RELEASE (ECF No. 653)**

On March 9, 2016, a jury convicted Defendant Curtis Scott of aiding and abetting a carjacking, aiding and abetting the discharge of a gun in furtherance of a carjacking, and making false statements to a federal law enforcement officer. (*See* Verdict Form, ECF No. 92.) The Court sentenced Scott to a term of 180 months in custody. (*See* Judgment, ECF No. 585, PageID.5660.) Scott now moves for compassionate release. (*See* Mot., ECF No. 653.) For the reasons explained below, the motion is **DENIED**.

This Court applies the following framework in evaluating Scott's motion:

> Before granting a compassionate-release motion, a district court must engage in a "three-step inquiry:" the court must "find" that "extraordinary and compelling reasons warrant [a sentence] reduction," ensure "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and "consider[ ] all relevant

1

> sentencing factors listed in 18 U.S.C. § 3553(a)." *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)). If each of those requirements are met, the district court "may reduce the term of imprisonment," but need not do so. 18 U.S.C. § 3582(c)(1)(A).

*United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021). Scott's request for compassionate release fails at steps one and three.

First, Scott has not demonstrated that extraordinary and compelling circumstances warrant his release. He appears to suggest that the COVID-19 pandemic coupled with his asthma and other health issues amount to extraordinary and compelling circumstances. But Scott was offered the Moderna vaccine, and he refused to take it. (*See* Scott Vaccine Refusal, ECF No. 657-1.) Under these circumstances, the COVID-19 pandemic and Scott's health issues, collectively, do no amount to extraordinary and compelling circumstances. See *United States v. Manderfield*, No. 16-20817, 2021 WL 2476577, at *1 (E.D. Mich. June 17, 2021) ("Courts in this circuit have consistently refused to find extraordinary and compelling medical circumstances when a defendant declines the COVID-19 vaccine.").

Second, for the reasons explained in the Government's response, releasing Scott would not be consistent with the goals of sentencing under 18 U.S.C. § 3553(a). (*See* Govt's Resp., ECF No. 655, PageID.6147-6148.) Scott planned and supported a violent offense, and he deserves the substantial

sentence that the Court imposed upon him. That sentence is also necessary to protect the public, to achieve specific deterrence, and to secure respect for the law.

For all of these reasons, Scott's motion for compassionate release (ECF No. 653) is **DENIED**.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: July 15, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 15, 2021, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9761