UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

CURTIS SCOTT,

       Defendant.

Case No. 14-cr-20780
Hon. Matthew F. Leitman

_____/

**ORDER DIRECTING DEFENDANT TO SUPPLEMENT HIS MOTION TO VACATE, SET ASIDE, OR CORRECT HIS SENTENCE (ECF No. 663)**

On March 9, 2016, a jury convicted Defendant Curtis Scott of aiding and abetting a carjacking, aiding and abetting the discharge of a gun in furtherance of a carjacking, and making false statements to a federal law enforcement officer. (*See* Verdict Form, ECF No. 92.)  The Court sentenced Scott to a term of 180 months in custody. (*See* Judgment, ECF No. 585, PageID.5660.)

On September 10, 2021, Scott filed a motion to vacate his convictions and sentence and for a new trial pursuant to 28 U.S.C. § 2255. (*See* Mot., ECF No. 663.) The Government opposes Scott's motion. (*See* Gvt. Resp., ECF No. 675.)  The Government contends that "[c]laims raised on direct appeal and resolved adversely to [a] petitioner should be deemed unreviewable under § 2255 as previously litigated," and it insists that "Scott's motion is a laundry list of issues he raised

1

[unsuccessfully] both in his motion for a new trial before this Court, and in his appeal to the Sixth Circuit." (*Id.*, PageID.6286.)

On October 20, 2021, the Court directed the Government to supplement its response to Scott's motion by submitting a chart to the Court that "(1) identifie[d] all of the arguments in Scott's current Section 2255 motion that he previously raised and (2) identifie[d] where in the record either this Court or the Sixth Circuit rejected those arguments." (Order, ECF No. 676, PageID.6290.) The Government filed its supplemental submission on December 6, 2021. (*See* Gvt. Supp. Br., ECF No. 678.) In that submission, the Government acknowledged that one issue Scott had raised in his motion – "his lawyer's failure to argue against the false statement charge in closings" – had not previously been raised by Scott. (*Id.*, PageID.6296.) The Government then explained why Scott was not entitled to relief on that claim. (*See id.*, PageID. 6296-6301.) Finally, the Government produced a chart that identified where in the record all of Scott's remaining arguments had been raised before and where in the record those arguments had been rejected. (*See id.*, PageID.6302-6304.)

The Court now directs Scott to file a supplemental brief in response to the Government's December 6 submission. In that brief, Scott shall identify any errors in the Government's chart described immediately above. More specifically, if Scott believes that any of the record citations included on that chart are incorrect, he shall identify those citations and explain why the citations fail to show that he had

2

previously raised the identified argument and/or that the argument had previously been rejected. In addition, Scott shall respond to the Government's argument that he is not entitled to relief on his claim that his lawyer failed to argue against the false statement charge during closing arguments.

Scott shall file this supplemental brief by no later than **February 14, 2022.**

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: December 8, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 8, 2021, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9761