UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

      Case No. 14-cr-20780
      Hon. Matthew F. Leitman

CURTIS SCOTT,

      Defendant.

_____/

**ORDER (1) GRANTING DEFENDANT'S MOTION TO SUPPLEMENT HIS MOTION TO VACATE SENTENCE (ECF No. 673); (2) DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT HIS SENTENCE (ECF No. 663), (3) DENYING DEFENDANT'S MOTION TO COMPEL (ECF No. 671), AND (4) DENYING A CERTIFICATE OF APPEALABILITY**

On March 9, 2016, a jury convicted Defendant Curtis Scott of aiding and abetting a carjacking, aiding and abetting the discharge of a gun in furtherance of a carjacking, and making false statements to a federal law enforcement officer. (*See* Verdict Form, ECF No. 92.) Following his convictions, the Court appointed new counsel for Scott to represent him during post-trial proceedings. (*See* Order, ECF No. 106.) Scott's new counsel reviewed the record and, on February 17, 2017, she filed a comprehensive motion for new trial. (*See* Mot., ECF No. 144.) In that motion, counsel brought several claims of ineffective assistance that counsel believed she had a good-faith basis to raise on Scott's behalf. (*See id.*)

Scott was not satisfied with his newly-appointed counsel's performance. More specifically, Scott believed that appointed counsel had failed to raise several additional instances of allegedly-deficient performance by his trial counsel. Scott therefore asked the Court to allow him to represent himself so that he could raise any additional claims of ineffective assistance that he wished to present.[1] The Court held a status conference with respect to Scott's request, and following that conference, it terminated the appearance of Scott's appointed counsel so that Scott could represent himself and present additional ineffective assistance claims. (*See* Order, ECF No. 158.) The Court further allowed Scott to file a 40-page supplemental brief or addendum raising the claims of ineffective assistance that Scott wished to bring to the Court's attention. (*See id.*, PageID.2726.)

On March 22, 2017, Scott filed a *pro se* addendum to his motion for a new trial. (*See* Scott Addendum, ECF No. 162.) In that addendum, Scott raised several additional ineffective assistance claims. (*See id.*) The Court later held an evidentiary hearing on Scott's ineffective assistance claims over the course of two days (*see*

---

[1] *See, e.g.*, Scott Ltr., ECF No. 153, PageID.2542 (explaining that there were "multiple constitutional issues that should [have] be[en] addressed" in his motion for new trial but were not); Scott Ltr., ECF No. 150, PageID.2532 (explaining "I don't believe that [my claims are limited to] only a few items that [my appointed counsel] has raised," and asking the Court to "hear the rest of my complaint[s] and hear my side of the story."); Scott Ltr., ECF No. 146, PageID.2508 ("I have requested … to this Court to self-represent myself and I firmly believe that I should be able to.").

Evid. Hr'g Tr., ECF Nos. 261, 344), and it then directed the parties to file post-hearing briefs. After considering the evidence presented at the hearing and the full set of both pre-hearing and post-hearing briefs, the Court denied Scott's motion in a detailed order on May 10, 2018. (*See* Order, ECF No. 381.) Scott then appealed his convictions to the United States Court of Appeals for the Sixth Circuit, and that court affirmed. *See United States v. Scott*, 836 F. App'x 404 (6th Cir. 2020).

Now pending before the Court are three motions filed by Scott: (1) a motion to vacate his convictions and sentence and for a new trial pursuant to 28 U.S.C. § 2255 (the "Section 2255 Motion") (ECF No. 663); (2) a motion to supplement his Section 2255 Motion (ECF No. 673); and (3) a motion to compel an investigation of Scott's treatment in prison (ECF 671). In the motions, Scott again claims that he is entitled to a new trial because his trial counsel was constitutionally ineffective. Scott contends that his attorney provided deficient representation in at least 25 different ways. For the reasons explained below, the Court **GRANTS** Scott's motion to supplement and **DENIES** the Section 2255 Motion and Scott's motion to compel an investigation.

# I

## A

The Court begins with Scott's Section 2255 Motion.[2] (*See* Mot., ECF No. 663.) As explained above, Scott argues that he is entitled to a new trial based on the ineffectiveness of his trial counsel. (*See id.*) The Government filed a response opposing Scott's 2255 Motion. (*See* Gvt. Resp., ECF No. 675.) In that response, the Government asserted that "Scott's motion is a laundry list of issues he raised [unsuccessfully] both in his motion for a new trial before this Court, and in his appeal to the Sixth Circuit" (*id.*, PageID.6286), and it argued that the Court should deny the motion because "[c]laims raised on direct appeal and resolved adversely to [a] petitioner should be deemed unreviewable under § 2255 as previously litigated." (*Id.*)

On October 20, 2021, the Court directed the Government to supplement its response to the Section 2255 Motion by submitting a chart to the Court that "(1) identifie[d] all of the arguments in Scott's current Section 2255 motion that he previously raised and (2) identifie[d] where in the record either this Court or the Sixth Circuit rejected those arguments." (Order, ECF No. 676, PageID.6290.) The

---

[2] Scott has also filed a supplemental submission that he titled a "Motion in Addendum to 28 USC 2255." (*See* Mot., ECF No. 673.) This "motion" contains additional arguments relevant to Scott's Section 2255 Motion. (*See id.*) The Court construes this motion as a motion to file a supplemental brief and **GRANTS** it.

4

Government filed its supplemental submission on December 6, 2021. (*See* Gvt. Supp. Br., ECF No. 678.) In that submission, the Government acknowledged that one issue Scott had raised in the Section 2255 Motion – "his lawyer's failure to argue against the false statement charge in closings" – had not previously been raised by Scott. (*Id.*, PageID.6296.) The Government then explained why Scott was not entitled to relief on that claim. (*See id.*, PageID.6296-6301.) Finally, the Government produced a chart that identified where in the record all of Scott's remaining arguments had been raised before and where in the record those arguments had been rejected. (*See id.*, PageID.6302-6304.)

After the Government responded to the Court's October 20 order, the Court provided Scott the opportunity to file a supplemental brief directed at that submission. (*See* Order, ECF No. 679.) The Court instructed Scott to "identify any errors in the Government's chart," and it told him that if he "believe[d] that any of the record citations included on that chart are incorrect, he [should] identify those citations and explain why the citations fail to show that he had previously raised the identified argument and/or that the argument had previously been rejected." (*Id.*, PageID.6308-6309.) Scott filed that response on December 17, 2021. (*See* Scott Resp., ECF No. 680.) As explained below, Scott did not even attempt to identify any errors in the Government's supplemental submission. (*See id.*)

**B**

As the Government points out, in general, and "absent highly exceptional circumstances," a Section 2255 "motion may not be used to relitigate an issue that was raised on appeal." *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996). Nor, ordinarily, can a "defendant [] use [a Section 2255 motion] to circumvent the direct appeal process" by raising a claim that could have, but was not pursued on direct appeal. *Regaldo v. United States*, 334 F.3d 520, 528 (6th Cir. 2003). *See also Ray v. United States*, 721 F.3d 758, (6th Cir. 2013) (same).

Here, as described above, the Government has provided record citations identifying where (1) Scott has previously raised the arguments that he makes in his Section 2225 Motion (other than the one ineffective assistance claim identified above) and (2) this Court, the Sixth Circuit, or both has rejected those arguments. (*See* Gvt. Supp. Br., ECF No. 678, PageID.6302-6304.) The Court provided Scott an opportunity to rebut the Government's record citations and he failed to do so. Indeed, Scott's response to the Government's submission neither addresses the Government's citations chart nor identifies any record citations provided by the Government that Scott believes are incorrect. (*See* Scott Resp., ECF No. 680.) The Court is therefore satisfied that most, if not nearly all, of the claims raised in Scott's current Section 2255 Motion either were raised (and rejected) previously or could have been raised previously, and Scott has not shown or even attempted to argue

otherwise. For these reasons, Scott is not entitled to relief on most, if not all, of the claims in his motion.

Moreover, and in any event, even if Scott had not previously raised the claims identified in the Section 2255 Motion – or had the opportunity to do so – Scott has still not shown that he is entitled to relief. Scott's claims of ineffective assistance in his Section 2255 Motion are reviewed under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To establish a claim of ineffective assistance of counsel under *Strickland*, Scott "must prove (1) that his trial counsel's representation 'fell below an objective standard of reasonableness,' and (2) that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Strickland*, 466 U.S. at 687-94). With respect to the first prong of the *Strickland* standard, courts "indulge a strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Indeed, courts "'strongly presume" that counsel has "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Short*, 471 F.3d at 692 (internal punctuation and citation omitted). Thus, "defendants alleging ineffective assistance of counsel bear 'a heavy burden of proof.'" *Id.* (quoting *Whiting v. Burt*, 395 F.3d 602, 617 (6th Cir. 2005)). To demonstrate prejudice, a defendant must show that "there is a reasonable

7

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Scott has not carried that "heavy burden" here. Scott's Section 2255 Motion is largely underdeveloped and at times difficult to follow, but to the extent that the Court can discern Scott's argument, he largely takes issue with the strategic decisions made by his trial counsel. But Scott has not overcome the "strong presumption" that those strategic choices were reasonable. For example, he criticizes his lawyer for omitting certain topics from counsel's cross-examination of a key Government witness names Dexavior Evans. (*See*, *e.g.*, Mot., ECF No. 663, PageID.6224-6226.) But Scott's trial counsel conducted a vigorous and sustained cross-examination of Evans, and Scott has not demonstrated that his counsel's choice of topics for cross-examination was an unreasonable strategic determination. Likewise, Scott complains that his trial counsel performed deficiently when counsel failed to specifically address the false statement charge in his closing argument. (*See, e.g.*, *id.*, PageID.6234-6236.) However, trial counsel reasonably chose to focus on the far more serious carjacking charge, and, as the Government reasonably observes, that choice was a fair one given that (1) the false statement charge related to the carjacking and (2) therefore, if the jury acquitted on the carjacking charge (which was the focus of counsel's closing) it was less likely that the jury would convict on the false statement charge.

8

Moreover, Scott has not shown the required prejudice from his trial counsel's alleged ineffectiveness. The evidence of Scott's guilt presented at trial was substantial, and Scott has not established that but for his trial counsel's purported ineffectiveness, there is a reasonable probability that the jury would have rendered a different verdict. For example, as noted above, Scott complains about his trial attorney's cross-examination of Evans and supposed failure to otherwise undermine Evans' testimony, but he has not shown a reasonable probability that the jury would have reached a different verdict if his counsel had approached Evans' testimony differently. This Court witnessed Evans' testimony firsthand, and the Court observed that Evans held up well against the vigorous attacks from Scott's trial counsel. The Court is not persuaded that there is any probability that Scott's trial counsel could have meaningfully undermined the force of Evans' testimony if counsel had adopted the different strategy for cross-examining Evans proposed by Scott.

These same observations are true with respect to the remaining laundry list of ineffective assistance claims raised in Scott's 2255 Motion. With respect to all of the claims, Scott has neither shown deficient performance nor prejudice.

For all of these reasons, Scott has failed to satisfy the standards in *Strickland*, and he is therefore not entitled to relief on his Section 2255 Motion.

### III

Finally, the Court addresses Scott's motion to compel. (*See* Mot., ECF No. 671.) In that motion, Scott says that he is being mistreated in prison, and he asks the Court to compel an investigation into his mistreatment. (*See id.*) None of Scott's claims raised in his motion to compel are germane to either this criminal case or his Section 2255 Motion. The motion to compel is therefore **DENIED**.

### IV

In order to appeal the Court's decision, Scott must obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22. To obtain a certificate of appealability, a defendant must make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). That standard is met when "reasonable jurists could debate whether ... the petition should have been resolved in a different manner." *Welch v. United States*, 136 S. Ct. 1257, 1263 (2016) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Here, reasonable jurists would not debate the Court's conclusion that Scott is not entitled to the relief he seeks. Thus, a certificate of appealability is not warranted in this case.

### V

For all of the reasons explained above, **IT IS HEREBY ORDERED** as follows:

- Scott's motion to supplement his Section 2255 Motion (ECF No. 673) is **GRANTED**;

- Scott Section 2255 Motion (ECF No. 663) is **DENIED**;

- Scott's motion to compel (ECF No. 671) is **DENIED**; and

- Scott is **DENIED** a Certificate of Appealability.

**IT IS SO ORDERED**.

Dated: May 12, 2022

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 12, 2022, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126